# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 27, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RANDALL RICE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Case 15-1335V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Excessive Time; Expert Fees. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Ronald C. Homer, Conway Homer, P.C., Boston, MA, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      On November 6, 2015, Randall Rice ("petitioner") filed a petition in the National Vaccine Injury Compensation Program. Petitioner alleges that as a result of the influenza ("flu") vaccination he received on October 31, 2012, he developed Polymyalgia Rheumatica ("PMR"). Petition at Preamble. On February 27, 2018, the parties filed a stipulation stating that a decision should be entered awarding compensation, and the undersigned issued a decision based on that stipulation. See Decision Based on Stipulation dated Feb. 27, 2018 (ECF No. 56).

      On June 19, 2018, petitioner filed a motion for attorneys' fees and costs, requesting compensation for the attorneys, paralegals, and law clerks who worked on his case. Petitioner's Application ("Pet. App.") dated June 19, 2018 (ECF No. 61). Specifically, petitioner requested $24,323.70 in attorneys' fees to compensate his attorney of record, Mr. Ronald C. Homer, and others at Mr. Homer's firm. Pet. App. at 1. Petitioner also requested $6,028.57 in attorneys'

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

1

costs and $499.36 in petitioner's costs. Pet. App. at 2. Petitioner thus requests a total of $30,851.63. Respondent filed his response on June 28, 2018, indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards $29,635.44 in attorneys' fees and costs.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that petitioner is entitled to reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health &

Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys, paralegals, and law clerks who worked on this matter:

Ronald C. Homer:
    2015 – $400
    2016 – $400
    2017 – $409
    2018 – $421

Christina M. Ciampolillo:
    2016 – $300
    2018 – $316

Meredith K. Daniels:
    2015 – $280
    2016 – $280
    2017 – $286
    2018 – $294

Lauren E. Faga:
    2016 – $265
    2017 – $271
    2018 – $279

Joseph M. Pepper:
    2015 – $290
    2016 – $290
    2017 – $297

Paralegal(s):
    2015 – $135
    2016 – $135
    2017 – $138
    2018 – $142

Law Clerk(s):
    2016 – $145
    2017 – $148

Because the attorneys practice in Boston, Massachusetts, forum rates apply. The undersigned finds that the requested rates are reasonable and in accordance with the rates set forth for the firm in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned herself has also awarded similar rates to Mr. Homer and his associates in past cases. See, e.g., Robinson v. Sec'y of Health & Human Servs., No. 14-915, slip op. (Fed. Cl. Spec. Mstr. July 17, 2018); Boyer v. Sec'y of Health & Human Servs., No. 15-1160, 2017 U.S. Claims LEXIS 1401 (Fed. Cl. Spec. Mstr. Oct. 16, 2017). Therefore, the undersigned will award the rates requested here.

### ii. Reduction of Billable Hours

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned has determined that a reduction in the number of hours billed by petitioner's counsel is appropriate.

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). Mr. Homer's firm has been specifically cited for this practice in the past. See Robinson, slip. op. at *4; Cozart v. Sec'y of Health & Human Servs., No. 00-590, 2016 Claims LEXIS 1455, at *8-9 (Fed. Cl. Spec. Mstr. Sept. 7, 2016); Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013). Five attorneys, at least one law clerk, and at least one paralegal have billed time in petitioner's case. Pet. App. at 4-22. Coordinating legal work between so many individuals naturally results in excessive interoffice communication and other unnecessary billing entries. See, e.g., id. at 11 ("review memo from [Meredith Daniels]"); 12 ("prepare memo to [Ronald Homer] with case synopsis"); 19 ("memo to [Ronald Homer] re: settlement approval").

As she has in the past, the undersigned will decrease the requested attorneys' fees by 5%.[2] Petitioner is thus entitled to attorneys' fees of $23,107.51.

### b. Costs

#### i. Attorneys' Costs

Petitioner requests a total of $6,028.57 in attorneys' costs. Specifically, petitioner seeks $5,718.75 for his experts, Dr. Samar Gupta and Dr. Kristin M. Gowin; $111.01 for medical records requests; $121.31 for postage; and $77.50 for other miscellaneous expenses. Pet. App. at 21-22.

---

[2] The reduction is calculated as follows: $24,323.70 x 0.05 = $1,216.19

Dr. Gupta billed $2,000 for 4 hours of work in this case, at a rate of $500 per hour, although he did not submit an expert report or testify.[3] Pet. App. at 29. While the undersigned makes no finding as to the reasonableness of Dr. Gupta's hourly rate, she concludes that the total amount requested is reasonable for the work performed. Therefore, she will award $2,000 for his services.

Dr. Gowin billed 8.75 hours of work at a rate of $425 per hour. Pet. App. at 35. Although Dr. Gowin requests a relatively high rate, she billed only 8.75 hours for reviewing the records, authoring an expert report, and responding to respondent's expert report. See id. Given this efficiency, and the quality of the resulting work product, the undersigned will award the full amount requested.

The $309.82 petitioner seeks for medical records requests, postage, and other miscellaneous expenses are well documented and reasonable. See Pet. App. at 24-28, 30-34. The undersigned will award these costs as well.

### ii. Petitioner's Costs

Petitioner also requests $499.36 in petitioners' costs. This amount includes $99.36 for postage and $400.00 for court costs. Pet. App. at 37-40. The undersigned finds these costs reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for Ronald C. Homer: | $ 24,323.70 |
| Reduction in attorneys' fees: | $ (1,216.19) |
| Total attorneys' fees for Ronald C. Homer: | $ 23,107.51 |
| Requested attorneys' costs: | $ 6,028.57 |
| Requested petitioners' costs: | $ 499.36 |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 29,635.44** |

**Accordingly, the undersigned awards:**

---

[3] When asked to provide a more thorough description of Dr. Gupta's work, petitioner stated: "Dr. Gupta is board certified in rheumatology and immunology. He conducted a preliminary review of petitioner's medical records and relevant medical literature. Dr. Gupta discussed petitioner's claim with petitioner's counsel. However, he was unable to provide a written expert report at that time." Petitioner's Status Report dated Aug. 15, 2018 (ECF No. 66).

**A lump sum in the amount of $29,635.44, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.